IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

UNITED STATES OF AMERICA,

v.

JOSEPH CHARLES BOYLE,

                Defendant,

and

AMERICAN NATIONAL BANK & TRUST,
EMPLOYEE RETIREMENT SYSTEM
OF TEXAS, PILGRAM BANK, and
TEXAS COUNTY AND DISTRICT
RETIREMENT SYSTEM,

                Garnishees.

No. 7:15-CR-019-O (01)



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 2 9 2016
2:25pm

CLERK, U.S. DISTRICT COURT
By _____
Deputy

## REPORT AND RECOMMENDATION

Before the Court is the Motion for Final Order of Garnishment (ECF No. 45), filed by the United States on December 19, 2016. United States District Judge Reed O'Connor referred this Motion to the undersigned for hearing, if necessary, and determination or recommendation by Order entered on December 27, 2016. ECF No. 46. Based on the facts in the record and the applicable law, the undersigned RECOMMENDS that Judge O'Connor GRANT the Motion.

In accordance with 18 U.S.C. § 3613 and 28 U.S.C. § 3205, the United States sought, obtained, and served writs of garnishment seeking substantial nonexempt property belonging to or due Defendant-Judgment Debtor, Joseph Charles Boyle (Boyle), and his spouse, Sandra Kay Baker (Baker), held by Garnishees American National Bank & Trust,

**REPORT AND RECOMMENDATION – Page 1**

Employee Retirement System of Texas (ERS), Pilgrim Bank, and Texas County and District Retirement System (TCDRS). The United States properly served the writs of garnishment on the garnishees. ERS filed an Answer and Objections to request specific language in the garnishment order. Likewise, the other garnishees filed answers in response to the writs served on them. Boyle and Baker were properly served with the writs and notified of their right to a hearing, but neither Boyle nor Baker requested a hearing, and the statutory time period to do so has expired.

On November 9, 2016, the United States filed its Partial Termination of Garnishment (ECF No. 44), which terminated the garnishment proceeding as to American National Bank and Trust and Pilgrim Bank. Thus, the only remaining garnishees in this action are ERS and TCDRS.

Having considered the Application, the garnishees' Answers, and noting that neither Boyle nor Baker requested a hearing, the undersigned RECOMMENDS that Judge O'Connor GRANT the Motion for Final Order of Garnishment filed by the United States and ORDER that:

1.      Garnishee TCDRS shall pay to the Clerk of the Court within 15 days from the date of Judge O'Connor's Order the amount of 25% of Boyle's nonexempt disposable earnings payable to him as a monthly annuity from the date that TCDRS was served with the writ of garnishment and continuing each pay period until notified by the United States that the judgment is satisfied.

2.      Garnishee ERS shall deliver to the Clerk of the Court within 30 days from the date of Judge O'Connor's Order the amount of 25% of Boyle's monthly annuity

**REPORT AND RECOMMENDATION – Page 2**

payments, which would otherwise be paid to him, from October 17, 2016, the date that ERS was served with the writ of garnishment, and continuing for all subsequent months, less any required withholding for federal taxes and any amounts required by law, until notified by the United States that the judgment is satisfied. After the first payment by ERS, ERS shall continue to deliver subsequent payments to the Clerk of the Court on or about the normally scheduled payment dates for Boyle's monthly retirement annuity.

3.      Baker shall provide both ERS and the United States Attorney's Office, 1100 Commerce Street, Third Floor, Dallas, TX 75242-1699, with at least 30 days' notice prior to applying for a retirement account withdrawal or retirement with ERS. Until Baker applies for either a retirement account withdrawal or retirement with ERS, ERS shall have no obligation to remit funds to the Clerk of the Court from Baker's account.

4.      Within 30 days of ERS's approval of Baker's retirement account withdrawal application, ERS shall remit one-half of that lump sum payment to the Clerk of the Court, less required withholding for taxes, for the period beginning March 1, 2016, which is the marriage date of Boyle and Baker, and ending on either the date of divorce of Baker and Boyle or the date of withdrawal, whichever is earlier. Within 30 days after ERS approves Baker's retirement application, ERS shall notify the United States Attorney's Office upon commencement of distributions of periodic payments from Baker's ERS Retirement Account. ERS shall also remit 25% of Baker's net monthly retirement annuity to the Clerk of the Court, less required withholding for taxes, for the period beginning March 1, 2016, which is the marriage date of Boyle and Baker, and ending on either the date of divorce of Baker and Boyle or the date of Baker's service retirement, whichever is earlier, until

**REPORT AND RECOMMENDATION – Page 3**

notified by the United States that the judgment is satisfied.

5.      Baker shall notify both ERS and the United States Attorney's Office if she and Boyle have divorced prior to Baker's application for a retirement account withdrawal or retirement with ERS. Baker shall also provide ERS and the United States Attorney's Office a copy of the divorce decree or qualified domestic relations order that states the dates of the marriage and the divorce of Baker and Boyle.

6.      If Baker and Boyle are divorced from each other when Baker applies for a retirement account withdrawal or retirement with ERS, ERS shall make remittances to the Clerk of Court from Baker's retirement account in the following manner:

(a)      If Baker applied for a retirement account withdrawal, ERS shall remit to the Clerk of the Court a portion of such payment calculated as 50% times a fraction, the numerator of which is the amount of credited service with the ERS Retirement Plan accrued between the date of marriage and the date of divorce, and the denominator of which is the amount of credited service on the date of divorce. This percentage shall be applied for the benefit payable to Baker at the time of divorce, as if Baker were eligible to receive such benefit on the date of divorce.

(b)      If Baker applies for retirement with ERS, a similar methodology will be used to apportion each distribution payable by ERS, less required withholding for taxes, and 25% of any monthly annuity payable to Baker shall be remitted to the Clerk of the Court. ERS may rely on the contribution service credit records available to it for the purposes of the calculations made pursuant to this Order.

7.      Payments due to the Clerk of the Court under Judge O'Connor's Order shall

be made by certified check bearing case number 7:15-CR-019-O (01) payable to the United States District Clerk and shall be mailed to the United States District Clerk, 1100 Commerce Street, Room 1452, Dallas, TX 75242.

8. TCDRS and ERS shall provide written notification to Boyle, Baker, and the United States Attorney's Office of the dates and amounts of the payments delivered by them to the Clerk of the Court. The Clerk shall apply payments received from TCDRS and ERS bearing case number 7:15-CR-019-O (01) to satisfy the judgment rendered in this matter.

## RECOMMENDATION

Accordingly, based on the facts in the record and the applicable law, the undersigned RECOMMENDS that Judge O'Connor grant the Motion for Final Order of Garnishment (ECF No. 45) filed by the United States.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate

judge that are accepted or adopted by the district court, except upon grounds of plain error.

*See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

     **IT IS SO ORDERED** on December 29, 2016.

 

                          _____

                          Hal R. Ray, Jr.
                          UNITED STATES MAGISTRATE JUDGE